IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KHYRRAN WAUGH,

                  Plaintiff,

    v.

POLICE OFFICER CHRISTOPHER SPECHT
and POLICE OFFICER COLLEEN CORBETT

            Defendants.

CIVIL ACTION
NO. 25-2398

## OPINION

**Slomsky, J.**                                             **June 25, 2026**

### I.    INTRODUCTION

In this case, Plaintiff Khyrran Waugh brings claims for false arrest and excessive force against two City of Philadelphia Police Officers. Whether those claims are barred by the statute of limitations is the present issue in dispute.

Before the Court is Defendants Police Officer Christopher Specht and Police Officer Colleen Corbett's Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC"). (Doc. No. 25.) In their Motion, Defendants contend that the two-year limitations period on Plaintiff's claims expired. For his part, Plaintiff agrees that the SAC was filed outside the 2-year statute of limitations. Instead, Plaintiff argues that the dismissal is inappropriate because the SAC "relates back" to the date of his filing the original Complaint, thus overcoming the statute of limitations bar. For reasons discussed below, Defendants' Motion to Dismiss (Doc. No. 25) will be denied.

### II.    BACKGROUND

The Court previously summarized the facts of this case as follows:

This matter arises from the arrest of Plaintiff Khyrran Waugh ("Plaintiff"), which involved two previously unnamed City of Philadelphia Police Officers ("Defendants") and other named Police Officer Defendants. On May 12, 2025, Plaintiff filed a 42 U.S.C. § 1983 suit against the City of Philadelphia ("City"),

1

the two named Police Officers, and Defendants, John Doe and Jane Doe. (Doc. No. 1.)  In the original Complaint, two Defendants were identified as (1) John Doe, whose badge number was unknown, and (2) Jane Doe, whose badge number was 1702. (Id.) On May 28, 2025, Plaintiff filed an Amended Complaint against all Defendants.  (Doc. No. 7.)  In response, the City and the two named Officers— who had counsel—filed a Motion to Dismiss the Complaint. (Doc. No. 9.)

On August 25, 2025, the Court issued an Opinion and Order granting the City and the two named Officers' Motion to Dismiss.  (Doc. Nos. 18, 19.)  In the Opinion, the Court held that Plaintiff's "case will nonetheless move forward" against the remaining unidentified Defendants, which would afford Plaintiff the opportunity to identify the Jane and John Doe Defendants and serve them with an operative Complaint and Summons.  (Doc. No. 18 at 4, n. 4.)  Accordingly, on September 15, 2025, Plaintiff filed a Motion for Leave to file a Second Amended Complaint and identified by name the Jane and John Doe Defendants. Plaintiff obtained the names from counsel for the City. (Doc. No. 20.)  These Defendants are Police Officer Christopher Specht and Police Officer Colleen Corbett.

(Doc. No. 21 at 1 n.1)

On October 10, 2025, the Court granted Plaintiff's Motion for Leave to File an Amended Complaint.  (Id.)  On October 13, 2025, Plaintiff filed the SAC, naming as Defendants Christohper Specht and Colleen Corbett.  (Doc. No. 22.)  In response, they filed a Motion to Dismiss the SAC on October 23, 2025.  (Doc. No. 25.)  On October 30, 2025, Plaintiff filed a Response in Opposition to Defendants' Motion to Dismiss.  (Doc. No. 26.)  Defendants then filed a Reply on November 6, 2025.  (Doc. No. 27.)  Defendants' Motion to Dismiss (Doc. No. 25) is now ripe for disposition.

## III.    STANDARD OF REVIEW

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009).  After Iqbal it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss.  Id. at 678; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"

2

Tatis v. Allied Interstate, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting Iqbal, 556 U.S. at 678). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Iqbal, 556 U.S. at 678). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 556 U.S. at 678).

When determining whether a claim is plausible, a district court may, at times, consider any affirmative defenses raised by the moving party. "Technically, the Federal Rules of Civil Procedure require that affirmative defenses be pleaded in the answer." Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (citing Fed. R. Civ. P. 12(b)). However, the so-called "Third Circuit Rule" allows affirmative defenses, like a statute of limitations violation, to be raised in a Rule 12(b)(6) motion. Id.; see also Ball v. Famiglio, 726 F.3d 448, 459 n.16 (3d Cir. 2013) cert. denied, 134 S. Ct. 1547 (U.S. 2014) ("[A] number of affirmative defenses that are not listed in Rule 12(b) [can] still be made by motion, provided that the basis of the defense [is] apparent on the face of the complaint."). Additionally, "a complaint need not anticipate or overcome affirmative defenses; thus, a complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense." Schmidt v. Skolas, 770 F.3d 241, 248 (3d Cir. 2014).

## IV.    ANALYSIS

In their Motion to Dismiss, Defendants assert one ground for dismissal:  Plaintiff filed the SAC after the statute of limitations period had expired. (Doc. No. 25 at 4.)  In response, Plaintiff argues that the SAC relates back to the timely-filed original Complaint, thus overcoming the bar of the statute of limitations. (Doc. No. 10–15.)

**A.      Statute of Limitations**

A statute of limitations claim is an affirmative defense.  Robinson, 313 F.3d at 136.  But, at the motion to dismiss stage, the expiration of a statute of limitations that "is not apparent on the face of the complaint . . . may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)."  Rivera v. New Castle Cnty. Police Dep't, 152 F.4th 147, 153 (3d Cir. 2025) (quoting Schmidt, 770 F.3d at 249).

Here, Defendants claim that Plaintiff violated the statute of limitations by filing the SAC more than two years after the claims accrued.  (See Doc. No. 22 at 9–10); see also Dovel v. Lancaster Cnty., No. 24-cv-467, 2025 WL 3459601, at *2 (E.D. Pa. Dec. 2, 2025) (explaining that the two-year statute of limitations period applies to § 1983 claims under Pennsylvania law); 42 Pa. C.S. § 5524(1) (providing two-year statute of limitations period for assault, battery, and false arrest claims under Pennsylvania law).  In this case, it is undisputed the 2-year statute of limitations commenced on May 13, 2023, when Plaintiff was arrested by Defendants.  The SAC was filed on October 13, 2025.  (Doc. No. 22.)  Accordingly, the SAC was filed five months after the statute of limitations had expired.  But Plaintiff counters that the claims against Defendants were timely filed because the SAC "relates back" to the date of the filing of the original Complaint under Rule 15(c)(1)(C), which would overcome the statute of limitations affirmative defense.

**B.      Relation Back**

If a plaintiff files an amended complaint after the statute of limitations runs, the amended complaint must comply with Federal Rule of Civil Procedure 15(c)(1)'s "relation back" provision, which "allows a court to treat a later-filed amended pleading as if it had been filed at

4

the time of the initial pleading."[1]  Se. Pa. Transp. Auth. v. Orrstown Fin. Servs. Inc., 12 F.4th

337, 344 (3d Cir. 2021).

Pertinent here, Federal Rule of Civil Procedure 15(c)(1)(C) "permits relation back when

an amendment to a pleading" involves changing a party or the names of a party.  Moore v.

Walton, 96 F.4th 616, 623 (3d Cir. 2024); see also Garvin v. City of Philadelphia, 354 F.3d 215,

220 (3d Cir. 2003) (analyzing relation back when a plaintiff replaced a defendant originally

named as "John Doe" with the defendant's real name).  When an amended complaint changes the

name of a defendant, a plaintiff must demonstrate that three conditions are satisfied under Rule

15(c)(1)(C):

> (1) the claim or defense set forth in the amended pleading arose out of the
> conduct, transaction or occurrence set forth in the original pleading; (2) within the
> time period provided in [Federal Rule of Civil Procedure] 4(m), the party or
> parties to be added received notice of the institution of the suit and would not be
> prejudiced in maintaining a defense; and (3) the party sought to be added knew

---

[1]   Federal Rule of Civil Procedure 15(c)(1) provides that "[a]n amendment to a pleading relates
back to the date of the original pleading" when

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct,
transaction, or occurrence set out—or attempted to be set out—in the original
pleading; or

(C) the amendment changes the party or the naming of the party against whom a
claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided
by Rule 4(m) for serving the summons and complaint, the party to be brought in
by amendment:

> (i) received such notice of the action that it will not be prejudiced in
> defending on the merits; and

> (ii) knew or should have known that the action would have been brought
> against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).  Only Rule 15(c)(1)(C) is at issue here.

that, but for a mistake concerning his or her identity, he or she would have been made a party to the action.

Garvin, 354 F.3d at 222.

In the present case, Defendants argue that the SAC does not relate back to the original Complaint because Defendants did not receive notice of the action in the time provided by Federal Rule of Civil Procedure 4(m), which—as noted above—is the second condition for relation back to apply under Rule 15(c)(1)(C).  (Doc. No. 27 at 2).

In determining the time when Defendants must "receive[] such notice of the action," Rule 15(c)(1)(C) refers to the "the period provided by Rule 4(m)."  Fed. R. Civ. P. 15(c)(1)(C).  Rule 4(m), in turn, "requires a plaintiff to serve a defendant within 90 days after the complaint is filed, "[b]ut if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  McCall v. City of Philadelphia, No. 19-cv-2568, 2020 WL 4584173, at *4 (E.D. Pa. Aug. 10, 2020) (quoting Fed. R. Civ. P. 4(m)).  Thus, under Rule 15(c)(1)(C), Defendants ordinarily must "receive[] notice of [Plaintiff's] action within 90 days of the filing of the Original Complaint."  Moore, 96 F.4th at 623.  But because Rule 15(c)(1)(C) "also encompasses the mandatory good cause extension provision" in Rule 4(m), Defendants may receive timely notice of the action if the Court extends for good cause the 90-day default period for service.  Moore, 96 F.4th at 624.

In his Response in Opposition, Plaintiff submits that Defendants received timely notice of the action for either of two reasons:  (1) good cause existed to extend the period for service under Rule 4(m), which would also extend the notice period under Rule 15(c)(1)(C);  and (2) Defendants had timely constructive notice of the action under the "shared attorney" method.  (Doc. No. 26 at 10–15.)

6

First, to assess whether good cause exists, the Court must find "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." MCI Telecommunications Corp. v. Teleconcepts, Inc., 71 F.3d 1086 (3d Cir. 1995) (internal citation omitted). Second, the Court can find timely notice under the "shared attorney method" when a plaintiff demonstrates that "an originally named party and the party who is sought to be added are represented by the same attorney." Singletary v. Pennsylvania Dep't of Corr., 266 F.3d 186, 196 (3d Cir. 2001).

However, determining "[w]hether [Defendants] received timely notice based on a good cause extension or the 'shared attorney' method requires an examination of facts outside of the Amended Complaint." McCall, 2020 WL 4584173, at *4. As noted above, Defendant's statute of limitations argument is an affirmative defense, and for that reason, a violation of the statute of limitations will only serve as a basis for dismissal "if the bar is [] apparent on the face of the complaint." Schmidt, 770 F.3d at 249.

Here, nowhere in the SAC does Plaintiff plead facts or attach exhibits demonstrating either that (1) good cause existed, or (2) the originally-named defendants and the newly-added Defendants are represented by the same attorney.[2] Instead, Plaintiff's arguments in favor of timely notice are found in his Response in Opposition to Defendants' Motion to Dismiss—not in the SAC. (See Doc. No. 26 at 10–15.) So determining whether the SAC relates back to the original Complaint—and therefore, whether the SAC overcomes Defendants' statute of limitations argument—"requires [an] examination of evidence extraneous to the Amended Complaint." McCall, 2020 WL 4584173, at *4.

---

[2]    The Third Circuit has held that a plaintiff is under no obligation to plead such facts in an amended complaint. Schmidt, 770 F.3d at 251 ("[A] plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense.").

7

As a result, any consideration of Defendants' Motion to Dismiss for violation of the statute of limitations would be "premature" at this early stage in the case.  See id. at *4–5 (denying motion to dismiss as premature when plaintiff argued that his amended complaint related back to his timely-filed original complaint); Haar v. Ojelade, No. 22-cv-7595, 2026 WL 972920, at *5 (D.N.J. Apr. 10, 2026) (same); see also Schmidt, 770 F.3d at 251–53 (overturning a district court's dismissal of an amended complaint because determining whether the statute of limitations was tolled involved looking to documents that were not deemed integral to the complaint).

## V.    CONCLUSION

Consequently, for the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 25) will be denied.  An appropriate Order follows.

8